Feeemas, J.,
delivered the opinion of the Court.
This is a motion made in the Circuit Court of Williamson county by plaintiff against defendant as executor of Lemuel Farmer, deceased.
The facts are, that plaintiff, together with a number of others, was surety on the official bond of Hezekiah Hill, as Sheriff of Williamson, the deceased Lemuel Farmer being also one of said sureties. A judgment by motion was rendered in the Circuit Court against said Hill and his sureties except the said Farmer, who seems not to have been proceeded against. Said motion was for non-return of an execution from the Circuit Court of Williamson county. An appeal was taken to this Court, and the judgment of the Circuit Court reversed for error in the allowance of interest, but such judg *5 ment was thereupon rendered Rere as sRonld Rave been rendered by tRe Court below. TRis judgment was dis-■cRarged by a part of tRe sureties, and tRe present motion was made for contribution or payment of tRe pro rata sRare of Farmer, as one of tRe sureties on tRe bond. Several pleas were filed, and demurrers thereto, in tRe progress of- tRe cause, but issues were ultimately made, wRicR were submitted to a jury, who, under the direction ■of the Court, found a verdict in favor of the defendant, whereupon the Court dismissed the motion, from which judgment an appeal in the nature of a writ of error is prosecuted to this Court.
TRe Court instructed the jury as follows: “ That the copy of the Sheriff’s bond could not be used to contradict the facts appearing on the face of the judgment of the Supreme Court; that if it did not appear from the judgment of the Supreme Court that Lemuel Farmer was one of the sureties on the Sheriff’s bond, by the suggestion of his death or otherwise, that judgment could not be used as the foundation of a motion which sought to make Lemuel Farmer liable as one of the sureties, or his personal representative, and that sec. 3625 could have no application to this case.”
Sec. 3625 of the Code provides that “a co-surety against whom judgment has been rendered for the whole debt, or who has paid more than his ratable share of such judgment, may have judgment, on motion, against all the other parties to the instrument not included in the original judgment, for the ratable share of each.” And by the next section it is provided *6 that “the remedies given by this article lie both for ’ and' against personal representatives of deceased parties.” This statute gives the motion in two cases; first, in favor of the co-surety against whom a judgment has been rendered for the whole debt; second, in favor of one who has paid more than his ratable share of such judgment. In either case, he may have judgment on motion against all the other parties to the instrument not included in the original judgment, for the ratable share of each; that is, for the ratable share which each should pay of said judgment, by virtue of the liability created by the instrument to which they are all parties, and in which they are jointly bound.
"We have in this record the precise case provided for by the statute; a co-surety against whom a judgment has been rendered and who has paid- more than his ratable share of the judgment, seeking a judgment by motion against another party to the instrument not included in the original judgment, for the amount of such party’s ratable share of the common liability.
On looking at the judgment in the Supreme Court it does not appear, however, that Lemuel Farmer was one of the sureties on the bond, by recital, nor is the fact of his death suggested as a reason why the others are proceeded against without him. It is insisted that this judgment is conclusive of the fact that he is not a party to the bond; or, if this be not so, that the judgment is void because not reciting the fact of. his death, or the grounds of proceeding against the other sureties without him; and so the Court seems to have held.
*7 In this there is error. The rule of recital of all the facts necessary to give the Court jurisdiction to render the judgment in case of summary proceedings, has never, as far as we are aware, been applied to judgments of this Court, and is only applicable to inferior Courts.
This Court takes jurisdiction and renders judgment by virtue of appellate jurisdiction conferred by the Constitution, and exercises it by appeal, writ of error, or such mode as may be prescribed by legislation, and its jurisdiction is not to be tested, as that of inferior Courts, by the recital of facts contained in its judgment in a case like this. The judgment of this Court is not void on its face for this cause. The judgment not being void, its recitals do not purport to exclude the idea that Lemuel Farmer was surety on the bond; that fact was not in issue or adjudicated by this Court; consequently the fact of his being a party to the instrument by which the liability to the judgment was created, might well be shown by production of the bond, as was done in this ease.
On the question of fact, if it could be inquired into in this proceeding, of the failure of the Sheriff to return the execution, and its receipt by the Sheriff, we think the evidence shows clearly that the execution did come to his hands; as the entries made by the Clerk at the time, in the usual course of his business, supported by his testimony that he always made the entries at' the time of the transaction, would outweigh the negative statement of the delinquent Sheriff.
*8 For the errors referred to, the case will be reversed, and judgment pronounced here in favor of the plaintiff in the motion, for the ratable share of Farmer, the testator of defendant.